### RICE v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 22, 1905.)

CARRIERS—NEGLIGENCE—INJURIES—BURDEN OF PROOF—INSTRUCTION.

Where, in an action for injuries to a passenger, the court instructed that the burden of showing that the accident did not happen through defendant's negligence was on defendant, the error was cured by a subsequent instruction that, while defendant was called upon to explain the accident on the whole case, the burden was on plaintiff to show that it occurred through defendant's negligence.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Hyland P. Rice against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

William E. Weaver, for appellant.

Wales F. Severance, for respondent.

SCOTT, P. J. If the case had gone to the jury solely upon the colloquial charge to the effect that "the burden of showing that the accident did not happen through the defendant's negligence is upon the defendant," it would be open to defendant to claim that the jury were wrongly instructed. Maher v. Met. St. Ry. Co., 102 App. Div. 517, 92 N. Y. Supp. 825. The court, however, afterwards charged, at plaintiff's request, that "while the law calls upon the defendant, under such a condition as the plaintiff claims existed here, to explain, yet on the whole case the burden is upon the plaintiff in the end to convince the jury that the accident occurred through the negligence of the defendant." This was a perfectly correct statement of the law (Maher v. Met. St. Ry. Co., supra), and cured any error in the colloquial charge. The defendant did not clear itself of negligence, the evidence justified the verdict, and its amount was moderate.

The judgment should be affirmed, with costs.

DUGRO, J., concurs.

MacLEAN, J. (dissenting). The plaintiff claimed that while on the rear platform of one of the defendant's cars, and as he was about to alight, he received an electric shock thereon and sustained injury. Under the decision in D'Arcy v. Westchester Elec. R. R. Co., 82 App. Div. 263, 81 N. Y. Supp. 952, the rule of res ipsa loquitur applied; but the defendant contends that it was error to charge:

"This is one of the cases in which the mere happening of the accident places upon the defendant the burden of explaining it, and showing it did not happen through the negligence of the defendant. Ordinarily that burden is upon the plaintiff, but in this case the burden of showing that the accident did not happen through the defendant's negligence is upon the defendant."

The exception of the defendant thereto must needs be sustained under the authority of Maher v. Met. St. Ry. Co., 102 App. Div. 517, 92 N. Y. Supp. 825, and the judgment rendered upon the verdict of the jury in favor of the plaintiff be reversed, and a new trial ordered.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.